**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ALEXANDER NICOLAS, | : CIVIL ACTION NO. 10-760 (MLC) |
| Plaintiff, | : **O P I N I O N** |
| v. | : |
| TRENTON BOARD OF EDUCATION, et al., | : |
| Defendants. | : |

**THE COURT** ordered the plaintiff to file (1) a second amended complaint, and (2) a separate response advising whether he is pursuing — or intends to pursue — any administrative remedies that are available to him through the state courts, the New Jersey Civil Service Commission, the New Jersey Office of Administrative Law, or any similar body.  (Dkt. entry no. 6, 3-17-10 Order.)  The Court finds that the plaintiff has filed a proper second amended complaint.  See Fed.R.Civ.P. 8, 10.  (Dkt. entry no. 9, 2d Am. Compl.)[1]

**BUT THE PLAINTIFF** also advises the Court that:

> IT IS THE INTENT of the Plaintiff to pursue any administrative remedies against the defendants or its employees that are available through the state court and the New Jersey Office of Administrative Law.  For the purposes of considering the nature and basis of Plaintiff's claims, these further actions are taken in an effort to prosecute the Defendants to the fullest extent of the law.

(Dkt. entry no. 9, Pl. Resp. at 2.)

---

[1] The Court notes that the claims pursuant to Title VII against the individual defendants are subject to dismissal.  See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

**A DISTRICT COURT** must abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971). A district court should stay a federal action — rather than dismiss a complaint — if the state proceedings are administrative in nature, in order to assure that the federal claims are actually resolved. Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 & n.14 (3d Cir. 1992) (stating district court is without discretion to dismiss, rather than stay, monetary-relief claim that may not be redressed in state proceeding); Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J.) (staying action sua sponte, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994) (table decision). A state administrative proceeding is considered to be a "proceeding" under Younger. See Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (stating same); N.J.Ct.R. 2:2-3 (setting forth procedure for further review).

**THE PLAINTIFF** advises that he will pursue remedies in "the state court and the New Jersey Office of Administrative Law". The Court thus intends to (1) stay this action, and (2)

administratively terminate this action with leave to the plaintiff to move to reopen when the related proceedings have been resolved through all of the administrative and appellate levels available. The plaintiff, if he so moves in the future, should demonstrate that he has (1) attempted to pursue his federal claims in the related proceedings, and (2) exhausted the state administrative and appellate remedies available in the related proceedings.

**AN ORDER** administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy.  See Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination is not a final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits").  For good cause appearing, the Court will issue an appropriate order and judgment.[2]

          s/ Mary L. Cooper
          **MARY L. COOPER**
          United States District Judge

Dated:  April 14, 2010

---

[2]  The Court notes that the plaintiff has submitted copies of two periodicals containing stories about this action to the Clerk's Office.  The plaintiff is advised that such submissions are not warranted.